RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/15/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BILLY CLARK | DOCKET NO. 14-CV-137; SEC. P |
| VERSUS | JUDGE DRELL |
| FULTON RABALAIS | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Billy Clark filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 28, 2014. He was granted leave to proceed *in forma pauperis* on February 24, 2014, [Doc. #7] and ordered to amend his complaint on May 7, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Tensas Parish Detention Center in Waterproof, Louisiana. He complains that he was injured in a slip and fall accident at the Bunkie Detention Center. He names as defendant Fulton Rabalais.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff claims that in April of 2013, while working in the laundry at the Bunkie Detention Center, he slipped in soap and water residue. He was treated by "Nurse Susan" who diagnosed him with a sprained ankle. Three weeks later, he was sent to Huey Long hospital for an x-ray. He was diagnosed with a "broken ankle" and placed in a cast. Three weeks after that, he was transported to

Shreveport for an appointment with an orthopedist. After additional x-rays, he was diagnosed with a second fracture, and received a new cast.

Plaintiff was ordered to amend his petition to cure the deficiencies outlined in the memorandum order [Doc. #8], and alternatively, dismiss any defendants against whom the deficiency cannot be cured. The deadline within in which to comply with the amend order was June 6, 2014. The deadline has passed and, as of the date of this order, Plaintiff has failed to amend his complaint as instructed.

### *Law and Analysis*

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). An additional ten days have passed since the June 5th deadline, and Plaintiff has still failed to comply with the Court's order to amend his complaint.

**THEREFORE, IT IS RECOMMENDED** that Plaintiff's complaint be

**DISMISSED WITHOUT PREJUDICE** in accordance with FRCP 41(b).

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15th day of July, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE